OMAR LAW v. THE STATE.

*No. 637. Decided January 19.*

**1. Aggravated Assault and Battery—Self-Defense—Evidence.**—On a trial for aggravated assault and battery, where it appeared that in the difficulty defendant used a brass motor key and the alleged injured party used a walking stick, and one of the questions was, who was the aggressor? and another was, whether the defendant used more force than was reasonably necessary to repel an attack made upon him with said walking stick, *Held*, that it was error to refuse to permit defendant to prove by a

witness, who was a bystander at the time of the fight, that said walking stick was of a kind and had the appearance of being loaded.

2. Illegal Evidence—Harmless Error.—Admission of illegal independent hearsay evidence becomes harmless error where it relates to a fact which has already been developed as a part of the res gestæ, and with regard to which the court has properly directed the jury, so as to obviate any evil effect it may have on defendant.

APPEAL from the County Court of Dallas. Tried below before Hon. I. R. OELAND, Special Judge.

Appellant was prosecuted by information for an aggravated assault and battery upon one Jouette Harris, "by striking him with a metal key used by motormen on electric cars," said key being a deadly weapon, and with which serious bodily injury was inflicted upon said Harris. At this trial he was found guilty of a simple assault, with the penalty assessed at a fine of $5.

The opinion states the essential facts.

No brief for either party on file with the record.

HENDERSON, JUDGE.—Appellant was tried in the County Court of Dallas County on information charging him with an aggravated assault, and was convicted of a simple assault, and his punishment assessed at a fine of $5.

The record in this case presents but two questions, to wit, the admission, over defendant's objection, of the evidence of Jouette Harris, that the motorman on the Pearl street car line told him that he could transfer from that line and ride on the Elm street car without paying further fare; and the refusal of the court to permit Robert Homan, a witness for the defendant, to testify, that the stick which Jouette Harris had during the difficulty "looked like a kind of walking sticks which are usually loaded."

Exceptions were reserved to the action of the court, and defendant presents same in his assignments of error. The alleged assault for which defendant was convicted and fined occurred on a street car in the city of Dallas, on the Elm street car line, the defendant being motorman on said car, and having the right to collect fares from passengers riding on said car. Jouette Harris, the party charged to have been assaulted, came into said car, and on defendant's asking him for his fare, claimed that he had been a passenger on a Pearl street car, the line of which intercepted the Elm street car line, and that he had a transfer on that car or line which authorized him to ride on defendant's car without the payment of further fare. Defendant denied the right, and stopped the car and requested Harris to get off. After some words, Harris said he would get off out of respect to the passengers, but as for defendant, he had no more respect for him than for a yellow dog. About this time the difficulty began, some of the witnesses testifying that Harris made the first assault on the motorman, and others testifying that defendant was the aggressor and committed

the first assault. The evidence gave the case a dual aspect. First, who began the difficulty, the defendant or Harris? and secondly, if defendant first laid violent hands on Harris, did he do so in pursuance of his authority to eject a passenger from the car who had refused to pay his fare, and in doing this, did he use more force than was reasonably necessary for that purpose?

In our opinion, in elucidating these questions before the jury by testimony, it was very material that the jury should be informed of the danger as it appeared to defendant at the time. And in this connection, defendant proposed to show by the witness Homan the appearance of the stick; whether or not it was of a kind, in appearance, that was usually loaded. If this was a small stick, as from the evidence it appears to have been, but one which would be rendered more formidable as a weapon by being loaded with lead or iron; and if there are sticks of the same character which are usually loaded; and if the stick in question, with which some of the witnesses say Harris was in the act of assaulting defendant before he laid hands on said Harris; and if said Harris used said stick as a weapon in the difficulty before he was struck by defendant with the motor key—if said stick bore such resemblance or appearance to a bystander as before stated, then it became a material inquiry before the jury, so far as the defendant's rights were concerned, and the testimony should have been admitted.

Upon the other question raised, to wit, "that the court erred in admitting Harris to testify, that the motorman on the Pearl street car had told him that he could transfer to the Elm street car and ride on it without the payment of further fare," it is sufficient to say, that the same fact had been developed as a part of the res gestæ of the case, and although there was error in permitting this independent testimony, the court properly directed the jury and eliminated it from any evil effect on the defendant.

But for the error above in the refusal of the court to admit the testimony of Homan as to the appearance of the walking stick in the hands of Harris at the time, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.